U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 21 2007

CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANITRA DESHEA JENKINS, | § | |
| Petitioner, | § | |
| VS. | § | NO. 4:07-CV-128-A |
| GINNY VAN BUREN, WARDEN, FEDERAL MEDICAL CENTER--CARSWELL, | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the document filed by petitioner, Anitra Deshea Jenkins, titled, "Petition for Writ of Habeas Corpus by a Person in Federal Custody." The petition relates to an altercation involving petitioner and another inmate and the subsequent disciplinary proceedings that resulted in petitioner's loss of good-time credit against her sentence. Having reviewed the petition, the response of respondent, Ginny Van Buren, the record, and applicable authorities, the court concludes that part of the claims should be dismissed and the others denied.

A. **Claims Not Properly Considered under 28 U.S.C. § 2241**

In her first and third grounds for relief, petitioner respectively complains that the prison failed to protect her from another inmate and that she was denied medical attention. "[H]abeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Granville v.

Hunt, 411 F.2d 9, 12 (5th Cir. 1969). See also Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979). Allegations challenging the rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions. See Spina v. Aaron, 821 F.2d 1126, 1127-28 (5th Cir. 1987). See also Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) ("If a favorable determination would not automatically entitle the prisoner to accelerated release . . . the proper vehicle is a [civil rights] suit.") (quotation and citation omitted). Thus, petitioner's first and third grounds for relief are properly considered under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and its progeny.

Federal prisoners must first exhaust inmate grievance procedures through the administrative process before instituting suit under Bivens. 42 U.S.C. 1997e(a) (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). To be excused from the exhaustion requirement, a complainant would have to demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The Bureau of Prisons ("BOP") has established an Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. See 28 C.F.R. § 542.10 to § 542.19 (2004) (emphasis added). A prisoner must pursue the procedures set forth in the Program prior to seeking relief in

district court. See United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). See also United States v. Wilson, 503 U.S. 329, 335 (1992) (prisoners may seek judicial review of time credit computations after exhausting their administrative remedies). These procedures, in turn, generally require the prisoner first to make an informal complaint to staff and, if not satisfied with the result, to file a formal written complaint. If not satisfied with the result of that, then the prisoner is to pursue an administrative appeal(s). See, e.g., 28 C.F.R. §§ 542.10 to 542.19.

As respondent notes in her response, petitioner has failed to demonstrate that she has exhausted any of the requisite administrative remedies or, alternatively, that such remedies are unavailable or inappropriate with respect to her first and third grounds for relief. The record indicates that the petitioner's only administrative complaint relates to her December 12, 2006, disciplinary hearing.[1] The record contains no administrative complaints relating to the prison's alleged failure to protect petitioner or the alleged denial of medical attention. Thus petitioner's first and third grounds for relief should be dismissed.

---

[1] In her regional administrative remedy appeal, petitioner mentions that the other inmate with whom she was involved in the altercation was a known member of the Aryan Brotherhood and did not like African Americans. Her point seems to be that the other inmate started the fight or, alternatively, self-inflicted the injuries that were attributed to petitioner. The regional administrative remedy appeal makes no mention that petitioner felt she had not been protected from this other inmate.

3

B.  Grounds Subject to the Rules of 28 U.S.C. § 2241

In her second and fourth grounds for relief, petitioner respectively complains that the charges against her were false and malicious and that she was not afforded due process in her disciplinary hearing. Petitioner specifically complains that the allegedly improper disciplinary proceeding resulted in an unfair loss of twenty-seven days of her good-time credit. The record indicates that petitioner has exhausted the applicable administrative remedies with respect to her disciplinary hearing complaints. See 28 C.F.R. §§ 542.14(d)(2), 542.15(a).

In the context of a prison disciplinary hearing, procedural due process requires at least twenty-four hours written notice of the charges, the opportunity to present evidence, and written findings in support of the disciplinary authority's ruling. Thompson v. Cockrell, 263 F.3d 423, 428 n.4 (5th Cir. 2001). See also Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).[2] The decision to revoke good-time credits in a prison disciplinary hearing comports with the minimum requirements of due process when some evidence in the record supports the disciplinary hearing authority's findings. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454-55 (1985). "[P]rison disciplinary proceedings will be overturned only where there is

---

[2] Wolff also requires that, when necessary, an inmate be free to seek the aid of a fellow inmate or its equivalent in presenting her case at the disciplinary hearing. Wolff, 418 U.S. 539, 570 (1974). In the instant case, petitioner waived her right to the assistance of a staff representative, and she has not complained that she was denied necessary assistance.

4

no evidence whatsoever to support the decision of the prison officials." Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994). In determining whether any evidence in the record could support the conclusion reached by the disciplinary hearing official, the court need not examine the entire record, independently assess the credibility of witnesses, nor weigh the evidence. Hill, 472 U.S. at 455-56.

The record indicates that each due process requirement annunciated in Wolff was observed in petitioner's case. See Wolff, 418 U.S. at 563-70; Thompson, 263 F.3d at 428 n.4. Petitioner was given ample advanced written notice of the charges against her. The incident report was delivered to petitioner on December 1, 2006, and her hearing was conducted on December 12, 2006. Petitioner was also able to present evidence on her behalf. Though she summarily complains that she was not allowed to call any witnesses, she never identifies who specifically she would have called. Presumably, she would have called officers K. Jones and A. Perez, but the disciplinary board considered their written statements.³ Petitioner's complaint boils down to a disagreement with the disciplinary hearing officer's evaluation of the evidence that was presented. Accordingly, petitioner has not presented an actionable due process violation with respect to

---

³Even if the disciplinary hearing officer erred in failing to call witnesses to give live testimony, petitioner would have to show that she was prejudiced by such failure. See Banuelos v. McFarland, 41 F.3d 232, 234-35 (5th Cir. 1995). Given that the disciplinary hearing officer considered the testimony of officers K. Jones and A. Perez by way of their written statements, petitioner cannot show prejudice.

5

the presentation of evidence at the disciplinary hearing. Finally, the record contains a detailed account of the disciplinary hearing officer's findings, which were delivered to petitioner on January 9, 2007.

The court is satisfied that the disciplinary hearing officer's findings were based on some evidence, as the record abundantly presents evidence upon which the officer could have based the conclusion that petitioner committed the prohibited act of fighting with another inmate. The officer considered the initial incident report, petitioner's statements, the statement of another inmate to the effect that petitioner had the propensity of instigating altercations and then pretending to be the victim when staff responded, the memoranda of three investigating officers, the forms assessing the injuries of the other inmate involved in the altercation, and photographs of both petitioner and the other inmate involved in the altercation. The court finds that petitioner's second and fourth grounds for relief should be denied because the applicable requirements of due process have been satisfied in this case. See Hill, 472 U.S. at 454-55; Wolff, 418 U.S. at 563-70; Thompson, 263 F.3d at 428 n.4.

Therefore,

The court ORDERS that the claims in the document petitioner, Anitra Deshea Jenkins, filed February 26, 2007, titled, "Petition for Writ of Habeas Corpus by a Person in Federal Custody," that the court has treated as claims under 28 U.S.C. § 2241 be, and

are hereby, denied, and that all claims asserted by petitioner that the court has construed as Bivens claims be, and are hereby, dismissed without prejudice for failure of plaintiff to exhaust her administrative remedies.

SIGNED September 21, 2007.

/s/ John McBryde
JOHN McBRYDE
United States District Judge